# EXHIBIT 1

DARIUS M. THOMPSON

v.

PRIME PARK VISTA, LLC

*DEFENDANT PRIME PARK VISTA, LLC'S PETITION
FOR REMOVAL OF CIVIL ACTION*

**PLAINTIFF'S COMPLAINT**

# EXHIBIT 1

1

F I L E D
Electronically
CV20-01055
2020-07-13 09:17:22 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7966640 : csulezic

William R. Kendall, Esq.
State Bar No. 3453
137 Mt. Rose Street
Reno, NV 89509
(775) 324-6464
Attorney for Plaintiff

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

* * *

DARIUS M. THOMPSON,

          Plaintiff,

vs.

PRIME PARK VISTA, LLC,
a Delaware corporation;
DOES I-V; inclusive,

          Defendants.
_____/

CASE NO.:

DEPT. NO.

## COMPLAINT

    Plaintiff, DARIUS M. THOMPSON, by and through his counsel, WILLIAM R. KENDALL, ESQ.,  for claims against Defendants, and each of them, avers and alleges as follows:

    1.    At all times material hereto, Plaintiff was a resident of Washoe County, State of Nevada.

    2.    At all times material hereto, upon information and belief, Defendant, PRIME PARK VISTA, LLC, was a Delaware corporation, and was the owner and operator of Park Vista Apartments, 565 Sparks Blvd., Sparks, Washoe County, Nevada.

    3.    The incident made the basis of this action occurred in Washoe County, Nevada.

4. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I-V, were unknown to Plaintiff, who therefore, sues these Defendants by said fictitious names. Plaintiff is informed and believes and therein alleges that each of the Defendants designated as DOES is responsible in some manner for the events and happenings referred to in this Complaint and caused damages proximately to Plaintiff as alleged. Plaintiff will seek leave of Court to amend the Complaint to insert the true names and capacities of DOES I-V, inclusive, when the same have been ascertained.

5. At all times relevant herein, each of the Defendants named as DOES I-V, were agents of the other remaining Defendants and were acting with actual and/or apparent authority in the conduct alleged.

6. The actions of the Defendants and their and employees, whether or not within the scope of their agency, were ratified by the other remaining individual, corporate or partnership Defendants.

**FIRST CAUSE OF ACTION**

7. On or about July 5, 2019, Plaintiff was descending the staircase outside of apartment # 346 at Defendant's apartment complex in a careful and prudent manner.

8. At said time and place, Defendant, PRIME PARK VISTA, LLC, had, including but not limited to, a duty to maintain its staircase in a reasonably prudent manner, a duty to inspect and repair its staircases, and a duty to warn users of the staircase of dangerous conditions which it had knowledge of or in the exercise of reasonable diligence would have discovered.

9. Defendant PRIME PARK VISTA, LLC breached said duties to Plaintiff by including, but not limited to, failing to maintain its staircase in a reasonably prudent manner, failing to conduct reasonable inspections, failing to make reasonable repairs, and in failing to warn users of the staircase of dangerous conditions which it had knowledge of or in the exercise of reasonable diligence would have discovered.

10.    At said time and place, there were in force and effect State, County and municipal statutes, ordinances and codes requiring inspection and maintenance which were intended to protect a class of persons, to which Plaintiff belonged, against injury.  Defendant's violation of said statutes, ordinances and codes proximately caused injury to Plaintiff and constitutes negligence per se.

11.    At said time and place, as Plaintiff was descending said staircase, the second to the bottom stair broke off from its mounting site and caused Plaintiff to fall.

12.    As a direct and proximate result of Defendants' negligence, as set forth above, Plaintiff suffered severe and disabling physical and mental injuries and damages, all in excess of $ 15,000.00.

13.    As a further direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses in an amount unknown at this time, but in excess of $ 15,000.00.

14.    As a further direct and proximate result of Defendants' conduct, Plaintiff has incurred legal costs and attorney's fees for which he should be compensated by Defendants.

15.    Defendant's breaches of the duties set forth above were engaged in or ignored with malice by way of despicable conduct engaged in with a conscious disregard for Plaintiff's rights and safety.

16.     Due to Defendant's malicious conduct as aforesaid, punitive damages should be assessed against Defendant in an amount in excess of $ 15,000.00.

WHEREFORE, Plaintiff prays  for judgment against Defendants as follows:

1.    For general damages in a sum in excess of $15,000.00;

2.    For special damages in a sum in excess of $15,000.00;

3.    For punitive damages in a sum in excess of $ 15,000.00;

4.    For costs of suit and a reasonable attorney's fee;

5. For such other and further relief as the Court may deem just and proper.

DATED this 13th day of July, 2020.

                              WILLIAM R. KENDALL, ESQ.

*/s/ William R. Kendall*

137 Mt. Rose Street
Reno, NV 89509
(775) 324-6464
Attorney for Plaintiff

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document filed in case number**:** _____

[X] Document does not contain the social security number of any person

Date: **7/13/2020**

_____
**WILLIAM R. KENDALL, ESQ.**

5