**TYSON & MENDES LLP**
THOMAS E. MCGRATH
Nevada Bar No. 7086
Email: tmcgrath@tysonmendes.com
CHRISTOPHER A. LUND
Nevada Bar No. 12435
Email: clund@tysonmendes.com
3960 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 724-2648
Fax: (702) 938-1048
*Attorneys for Defendant Prime Park Vista, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DARIUS M. THOMPSON<br><br>Plaintiff,<br><br>vs.<br><br>PRIME PARK VISTA, LLC, a Delaware corporation; DOES I-V, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00451-MMD-CLB<br><br>**DEFENDANT PRIME PARK VISTA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, Prime Park Vista, LLC ("this answering Defendant"), by and through counsel, the law firm Tyson & Mendes LLP, hereby Answers the Complaint of Darius M. Thompson ("Plaintiff") as follows:

**COMPLAINT**

1. Answering Paragraph 1 of Plaintiff's Complaint, this answering Defendant is without sufficient information to admit or deny said paragraph and therefore, on that basis denies the allegations.

2. Answering Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits the allegations.

3. Answering Paragraph 3 of Plaintiff's Complaint, this answering Defendant is without sufficient information to admit or deny said paragraph and therefore, on that basis denies the allegations.

4. Answering Paragraph 4 of Plaintiff's Complaint, this answer Defendant asserts

1

said paragraph contains and/or constitutes legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraphs are determined to contain factual allegations or a response is required, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any allegations contained therein and therefore, on that basis, denies the same.

5. Answering Paragraph 5 of Plaintiff's Complaint, this answer Defendant asserts said paragraph contains and/or constitutes legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraph is determined to contain factual allegations or a response is required, this answering Defendant denies the allegations.

6. Answering Paragraph 6 of Plaintiff's Complaint, this answer Defendant asserts said paragraph contains and/or constitutes legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraph is determined to contain factual allegations or a response is required, this answering Defendant denies the allegations.

## FIRST CAUSE OF ACTION

7. Answering Paragraph 7 of the "First Cause of Action" in Plaintiff's Complaint, this answering Defendant asserts said paragraph contains and/or constitutes legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraphs are determined to contain factual allegations or a response is required, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any allegations contained therein and therefore, on that basis, denies the same.

8. Answering Paragraph 8 of the "First Cause of Action" in Plaintiff's Complaint, this answering Defendant asserts said paragraph contains and/or constitutes legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraphs are determined to contain factual allegations or a response is required, this answering Defendant is without sufficient information

to form a belief as to the truth or falsity of any allegations contained therein and therefore, on that basis, denies the same.

9. Answering Paragraphs 9 and 10 of the "First Cause of Action" in Plaintiff's Complaint, this answering Defendant asserts said paragraphs contain and/or constitute legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraphs are determined to contain factual allegations or a response is required, this answering Defendant denies the allegations.

10. Answering Paragraph 11 of the "First Cause of Action" in Plaintiff's Complaint, this answering Defendant is without sufficient information to admit or deny said paragraph and therefore, on that basis denies the allegations.

11. Answering Paragraphs 12 through 14 of the "First Cause of Action" in Plaintiff's Complaint, this answering Defendant asserts said paragraphs contain and/or constitute legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraphs are determined to contain factual allegations or a response is required, this answering Defendant denies Plaintiff's allegation of negligence and is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

12. Answering Paragraphs 15 through 16 of the "First Cause of Action" in Plaintiff's Complaint, this answering Defendant asserts said paragraphs contain and/or constitute legal conclusions, to which no response is required. *See Hoopes v. Meyer,* 1 Nev. 433, 444 (1865); and *Allen v. Reilly*, 15 Nev. 452, 453 (1880). To the extent said paragraphs are determined to contain factual allegations or a response is required, this answering Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

**Affirmative Defense One:**   *Failure to State a Claim*. The allegations contained in Plaintiff's Complaint fail to state a cause of action against this answering Defendant upon which relief can be granted.

**Affirmative Defense Two:**   *Equitable Doctrines of Estoppel & Laches*. Plaintiff unreasonably delayed filing his Complaint, which has unduly and severely prejudiced the defense of the action,

thereby barring or diminishing recovery herein under the Doctrines of Estoppel & Laches.

**Affirmative Defense Three:** *Doctrine of Unclean Hands*. Plaintiff's claims are barred, in whole or in part, by the Doctrine of Unclean Hands.

**Affirmative Defense Four:** *Waiver*. Plaintiff, by way of acts and omissions, has waived any entitlement to any recovery on the claims asserted.

**Affirmative Defense Five:** *Comparative Fault of the Plaintiff*. Plaintiff's damages, if any, were proximately caused and contributed to, in whole or in part, by Plaintiff's own conduct, thereby completely or partially barring Plaintiff from recovering herein; and any judgment in favor of the Plaintiff against this answering Defendant should be reduced in proportion to Plaintiff's own comparative negligence.

**Affirmative Defense Six:** *Comparative Fault of Plaintiff as Complete Bar to Recovery*. The damages alleged in the Complaint, if any to Plaintiff, were proximately caused or contributed to by Plaintiff's own negligence and Plaintiff's negligence exceeds the negligence, if any, of this answering Defendant. Plaintiff is therefore barred from any recovery at all.

**Affirmative Defense Seven:** *Comparative Fault of Unnamed Third Parties*. Plaintiff's damages, if any, were proximately caused and contributed to, in whole or in part, by the acts or omissions of others not named in this lawsuit; wherefore any recovery obtained by Plaintiff from this answering Defendant should be reduced by an amount equal to the percentage of the fault of those unnamed persons.

**Affirmative Defense Eight:** *Apportionment of Fault among Named Defendants*. Plaintiff's damages, if any, were proximately caused and contributed to, in whole or in part, by the acts or omissions of the other named Defendants; wherefore any fault assigned in this case must be divided between the Defendants so that each Defendant pays only its own share.

**Affirmative Defense Nine:** *Failure to Mitigate Damages*. Plaintiff failed to take reasonable steps to minimize or prevent the damages alleged in the Complaint.

**Affirmative Defense Ten:** *Unjust Enrichment*. Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of unjust enrichment in so much as Plaintiff would be unjustly enriched if allowed to recover the damages alleged in the Complaint.



TYSON & MENDES
3960 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

**Affirmative Defense Eleven:**   *No actual or constructive knowledge of the hazard.* Reasonable inspection of the premises did not or would not have revealed the alleged defective condition.

**Affirmative Defense Twelve:**   *Open and obvious hazard.* The alleged defective condition was open and obvious.

**Affirmative Defense Thirteen:**   *Exercise of ordinary and reasonable care and prudence.* This answering Defendant exercised ordinary and reasonable care in inspecting, preventing, and warning of dangerous or unsafe conditions.

**Affirmative Defense Fourteen:**   *Attorney's Fees and Costs.* This answering Defendant has employed the services of an attorney to defend this action and a reasonable sum should be allowed its attorney's fees and for costs incurred in defending this action.

**Affirmative Defense Fifteen:**   *Additional Affirmative Defenses.* Pursuant to Nevada Rules of Civil Procedure, Rule 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this answering Defendant's Answer and therefore, this answering Defendant has the right to amend this answer to allege additional affirmative defenses as subsequent investigation warrants.

WHEREFORE, this answering Defendant, Prime Park Vista, LLC prays as follows:

1. That Plaintiff takes nothing by way of his Complaint;
2. For attorney's fees and costs as allowed by law;
3. For such other and further relief as may be deemed just and proper by the Court.

DATED this 10th day of August 2020.

TYSON & MENDES LLP

*/s/ Christopher A. Lund*
THOMAS E. MCGRATH
Nevada Bar No. 7086
CHRISTOPHER A. LUND
Nevada Bar No. 12435
3960 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 724-2648
*Attorneys for Defendant Prime Park Vista, LLC*

5

# CERTIFICATE OF SERVICE

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 10th day of August 2020, a copy of the foregoing **DEFENDANT PRIME PARK VISTA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** was served electronically to all parties of interest through the Court's CM/ECF system as follows:

William R. Kendall, Esq.
137 Mt. Rose Street
Reno, NV  89509
*Attorney for Plaintiff*

                                                       */s/ Kathryn Savage-Koehm*
                                                     An employee of Tyson & Mendes LLP